```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DELORES LIAS,

                  Plaintiff,

vs.                           Case No.   2:06-cv-271-FtM-29DNF

SAFECO INSURANCE COMPANY OF AMERICA,

                  Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 (Doc. #30), filed on April 10, 2007. Defendant filed a Response (Doc. #32) in opposition on April 27, 2007.

**I.**

Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Offices Togolais des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)(collecting cases), aff'd, 228 F.3d 414 (11th Cir. 2000). A Rule 59 motion is not intended as a vehicle "to relitigate

old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757 (11th Cir. 2005)(citations omitted).

## II.

On April 9, 2007, the Court entered an Opinion and Order (Doc. #27) granting defendant's motion to dismiss and dismissing the case without prejudice for failure to first seek relief with the Office of Insurance Regulation, as required by Progressive Express Ins. Co. v. Reaume, 937 So. 2d 1120 (Fla. 2d DCA 2006). Judgment (Doc. #28) was entered on April 10, 2007. Plaintiff argues that the Court erred by relying on Reaume because (1) FLA. STAT. § 627.835 was not considered by the Second District Court of Appeals for Florida; (2) Reaume is contrary to controlling law by the Florida Supreme Court and the issue might be decided differently by the highest court of the state; (3) the decision conflicts with another Middle District of Florida decision differentiating "interest rates" and "insurance rates"; and (4) comity concerns were not considered.

Plaintiff argues that Reaume failed to consider FLA. STAT. § 627.835 or "controlling decisional law from the Florida Supreme Court limiting agency jurisdiction pursuant to the Florida Constitution." (Doc. #30, p. 2.) Plaintiff is essentially seeking to have the undersigned review and overrule the state appellate court, and federal courts do not have jurisdiction to reconsider or

-2-

review state court decisions addressing state law. <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001)(The <u>Rooker-Feldman</u> doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."); <u>BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Inc.</u>, 317 F.3d 1270, 1302-1303 (11th Cir. 2003)("it would be 'surpassing strange to preserve state authority in this fashion and then to put federal courts in the position of overruling a state agency on a pure issue of state law.'")(quoting <u>Puerto Rico Tel. Co. v. Telecommunications Regulatory Bd.</u>, 189 F.3d 1, 15 (1sth Cir. 1999)). Therefore, this argument is without merit.

Florida District Courts of Appeal are the law of Florida unless and until overruled by the Florida Supreme Court. <u>Pardo v. State</u>, 596 So. 2d 665, 666 (Fla. 1992). "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." <u>Silverberg v. Paine, Webber, Jackson & Curtis, Inc.</u>, 710 F.2d 678, 690 (11th Cir. 1983)(citations omitted). Although the Florida Supreme Court may decide differently in the future, plaintiff has not presented any case contrary to the recent ruling by the Second District Court of Appeals which would justify ignoring controlling Florida law, and the Florida Supreme Court denied review in <u>Reaume</u>. Additionally, the unpublished Middle District decision in <u>Fulham v.</u>

Allstate Indem. Co., 2:97-cv-123-FTM-HLA, is not binding precedent and pre-dates a binding Florida decision. Therefore, the case does not present a conflict and the motion will be denied on both these bases.

"Federal courts should abstain from exercising their jurisdiction if doing so would 'disregard the comity between the States and the National Government.'" Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004). If the Court were to consider the relationship between state and federal courts, it is clear that the issues raised are for the state to consider and requiring exhaustion before the OIR is consistent with principles of comity. See, e.g., Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007)(finding that exhaustion requirement for § 2254 habeas petition was grounded in comity and to protect state courts' role in addressing state prisoners' federal rights). Therefore, this argument is also without merit.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of June, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record